<u>NOT FOR PUBLICATION</u>

## <u>UNITED STATES DISTRICT COURT</u>
## <u>FOR THE DISTRICT OF NEW JERSEY</u>

| | | |
|---|---|---|
| _____ : | | |
| JERILYNN PAYNE, on behalf of herself : | | |
| and all others similarly situated : | | |
| : | | |
| Plaintiff, : | Civil Action No. 07-385 (JAG) | |
| : | | |
| v. : | **OPINION** | |
| : | | |
| FUJIFILM U.S.A., INC. d/b/a FUJI : | | |
| PHOTO FILM USA, INC. : | | |
| : | | |
| Defendant. : | | |
| _____: | | |

<u>**GREENAWAY, JR., U.S.D.J.**</u>

This matter comes before this Court on the motion of Defendant Fujifilm, U.S.A., Inc. ("Defendant") to dismiss for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6).  For the reasons set forth below, Defendant's motion will be denied.

## I.  <u>FACTUAL BACKGROUND</u>

On January 5, 2003, Plaintiff Jerilynn Payne ("Plaintiff") purchased a FinePix 3800 camera, manufactured by Defendant, from Circuit City.  (First Am. Compl. ¶ 9.)  Plaintiff paid $399 for the camera.  (<u>Id.</u>)  Plaintiff alleges that the camera "contained a defect with the internal memory battery."  (<u>Id.</u> at ¶ 2.)  Specifically, Plaintiff claims that

> the charging circuit for the internal battery causes it to overcharge and corrode . . . [and that] the internal circuitry causes the electric current being drawn from the internal battery . . . to discharge the internal battery too deeply because there is not a proper circuit and governor on the circuit limiting this discharge . . . .

(Id. at ¶ 4.)  In addition, Plaintiff alleges that Defendant

> knew or had reason to know that the FinePix 3800s they designed, manufactured, marketed, distributed and sold were materially defective, yet they concealed from the general public the potential problem and continued to design, manufacture, distribute and sell the FinePix 3800 which uniformly contained the material defect.

(Id. at ¶ 2.)

Plaintiff brought the instant class action, on behalf of herself and all others similarly situated, "because they purchased the FinePix 3800s that did not perform as warranted by the Defendant in that the digital cameras failed and are materially defective.  (Id. at ¶ 13.)  Plaintiff alleges that a class action is appropriate because:  "the matter in controversy exceeds $5,000,000 and the named Plaintiff is a citizen of a state different from the Defendant" (id. at ¶ 12); "members of the class have common legal grievances against the Defendant" (id. at ¶ 13); "[t]he Class is composed of thousands of persons or entities that purchased in total over 42,000 of the FinePix 3800s that are geographically dispersed throughout the United States, the joinder of whom in one action is impracticable" (id. at ¶ 15); "there are common questions of law and fact that exist as to all Class members and these questions predominate over questions affecting only individual Class members" (id. at ¶ 17); "Plaintiff . . . is asserting claims that are typical of the claims of the entire Class" (id. at ¶ 18); "Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent . . . " (id. at ¶ 19); and "[t]he class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Plaintiff and Class members . . . " (id. at ¶ 20).

## II.  <u>STANDARD OF REVIEW</u>

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957), while abrogating the decision in other respects).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  <u>Twombly</u>, 127 S. Ct. at 1964-65 (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  <u>Id.</u> at 1965.

When deciding a motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6), a court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom.  <u>See</u> <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1384 (3d Cir. 1994).  The court is to view these allegations and inferences in the light most favorable to the non-moving party.  <u>Id.</u>  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim.  <u>See</u> <u>In re Warfarin Sodium</u>, 214 F.3d 395, 397-98 (3d Cir. 2000).  That is, a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face."  <u>Twombly</u>, 127 S. Ct. at 1974 (abrogating <u>Conley</u>, 355 U.S. 41).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>Semerenko v. Cendant Corp.</u>,

223 F.3d 165, 173 (3d Cir. 2000).

The court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record.  See Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); 5A Wright & Miller, Federal Practice & Procedure: Civil 2d § 1357.  "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).  "[A] 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'"[1] Id. (emphasis in original) (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)).  Any further expansion beyond the pleading, however, may require conversion of the motion into one for summary judgment.  Fed. R. Civ. P. 12(b).[2]

## III.  DISCUSSION

### A.  Breach of Warranty

Defendant argues that Plaintiff's breach of warranty claims fail because "[P]laintiff

---

[1] Defendant submits the Limited U.S.A. One Year Warranty with its Brief in Support of its Motion to Dismiss.  (See Second Supplemental Decl. of Christopher Maxwell Ex. 2 "Maxwell Decl. Ex. 2".)  This warranty is integral to Plaintiff's claims and, Plaintiff explicitly relies upon it in Count I of the First Amended Complaint.  This Court will, therefore, consider the warranty in resolving Defendant's motion.

[2] Plaintiff attaches a Business Entity Status Report from the New Jersey State Business Gateway Service, Corporate and Business Information Reporting website as Exhibit A, and listings of Defendant's facilities and service centers, from Defendant's own website, as Exhibits B and C.  (See Certification of Michael S. Green Exs. A, B and C.)  The information found in these three exhibits constitutes evidence outside the pleadings, and this Court shall not consider these documents in resolving this motion to dismiss.  See Thompson v. Princeton Univ., No. 05-314, 2005 U.S. Dist. LEXIS 18421, *6 (D.N.J. Aug. 24, 2005).

expressly alleges that her FinePix 3800 digital camera failed to operate *after* its one-year written warranty [] expired, and the warranty conspicuously disclaimed implied warranties of merchantability and fitness for a particular purpose beyond that one-year period." (Def.'s Br. in Supp. of Mot. to Dismiss 2) (emphasis in original).  Plaintiff, on the other hand, claims that she states a claim for breach of express warranty because the FAC alleges "that the defect affects and manifests in the Camera immediately . . . [,]" and the "durational limits [of the express warranty] are unconscionable." (Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss 5, 7) (emphasis in original). Plaintiff also argues that she states a claim for breach of implied warranties because "Defendant's disclaimer of the implied warranties and in effect limitation of the implied warranties is unconscionable." (Id. at 12.)

    *1. Breach of Express Warranty*

    Plaintiff's claim pursuant to the express warranty[3] accompanying Defendant's FinePix 3800 falls outside of the relevant warranty period.  The warranty states, in relevant part,

> Your FujiFilm equipment has been manufactured to precise standards, and with rigid quality control through every process of manufacture, by FUJI PHOTO FILM CO., LTD., Tokyo, Japan.  It is warranted by FUJI PHOTO FILM U.S.A., INC. against defective workmanship or materials for one full year from the date of purchase. FujiFilm will, at its option, either repair or replace free of charge equipment which is returned either in person or postpaid and insured to one of the FujiFilm Repair

---

[3] Express warranties by the seller are created as follows:

(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

N.J. STAT. ANN. § 12A:2-313.

Centers whose addresses are listed on the reverse side. . . .

. . . . THE FOREGOING WARRANTY IS FUJIFILM'S ONLY WARRANTY WITH RESPECT TO THE PRODUCT AND FUJIFILM MAKES NO OTHER WARRANTY WHATSOEVER, EXPRESS OR IMPLIED, REGARDING THE PRODUCT INCLUDING MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.  In no event will FujiFilm or its authorized dealers be liable for incidental, consequential or special damages, even if such damages result from negligence or other fault.

Maxwell Decl. Ex. 2.  This warranty clearly provides coverage for one year following the date of

purchase, and disclaims additional warranties, including the implied warranties of

merchantability and fitness for a particular purpose.

"The general rule [pertaining to warranties] is that an express warranty does not cover

repairs made after the applicable time . . . periods have elapsed." Abraham v. Volkswagen of

Am., Inc., 795 F.2d 238, 250 (2d Cir. 1986).  Similarly, "[t]he Third Circuit has held that a defect

which is not discovered until after the expiration of the express warranty period is not actionable

. . . " Ne. Power Co. v. Balcke-Durr, Inc., No. 97-4836, 1999 U.S. Dist. LEXIS 13437, at *14

(E.D. Pa. Aug. 20, 1999) (citing Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604,

616 (3d Cir. 1995)).  "The case law almost uniformly holds that time-limited warranties do not

protect buyers against hidden defects which are typically not discovered until after the expiration

of the warranty period."  Id.

Plaintiff consistently alleges, throughout the FAC, that her camera malfunctioned after

her one-year express warranty expired.  (See First Am. Compl. ¶ 3) (stating that "[i]n actuality,

within a few years of purchase, the FinePix 3800 is unable to make any shots due to the defective

internal memory battery despite having fully charged external batteries.") (emphasis added); (see

also id. at ¶ 23) (stating that "in actuality, the FinePix 3800 fails to operate within a couple years

6

after purchase due to a defective internal memory battery even with fully charged external

batteries.") (emphasis added).  Plaintiff's claim for breach of express warranty, therefore,

seemingly fails.

However, Plaintiff also alleges that because Defendant had, or should have had,

knowledge of the alleged defect at the time of sale to Plaintiff, the time limitations in the express

warranty are unconscionable.  (See First Am. Compl. ¶¶ 37-38.)  Specifically, Plaintiff claims

that

> Class members had no meaningful choice in determining those time limitations; the
> terms of the limited warranties unreasonably favored FUJIFILM over members of the
> Class; a gross disparity in bargaining power existed as between FUJIFILM and
> members of the Class; and FUJIFILM knew the FinePix 3800s were defective at the
> time of sale and would fail well before their useful lives.

(Id. at ¶ 38.)

> If the court as a matter of law finds the contract or any clause of the contract to have
> been unconscionable at the time it was made the court may refuse to enforce the
> contract, or it may enforce the remainder of the contract without the unconscionable
> clause, or it may so limit the application of any unconscionable clause as to avoid any
> unconscionable result.
>
> [] When it is claimed or appears to the court that the contract or any clause thereof
> may be unconscionable the parties shall be afforded a reasonable opportunity to
> present evidence as to its commercial setting, purpose and effect to aid the court in
> making the determination.

N.J. STAT. ANN. § 12A:2-302.

In determining whether a contractual provision or clause is unconscionable, courts look to

two factors:  1) unfairness in the formation of the contract, or procedural unconscionability, and

2) excessively disproportionate terms, or substantive unconscionability.  Sitogum Holdings, Inc.

v. Ropes, 800 A.2d 915, 921 (N.J. Super. Ct. Ch. Div. 2002).  Procedural unconscionability "can

include a variety of inadequacies, such as age, literacy, lack of sophistication, hidden or unduly complex contract terms, bargaining tactics, and the particular setting existing during the contract formation process."  Id.  Substantive unconscionability, on the other hand, "simply suggests the exchange of obligations so one-sided as to shock the court's conscience."  Id.

This Court, applying § 12A:2-302 to the allegations in the Complaint,  holds that Plaintiff has alleged sufficient facts to withstand a motion to dismiss, pursuant to Rule 12(b)(6), on her unconscionability claim.  Bussian v. DaimlerChrysler Corp., 411 F. Supp. 2d 614, 622, 2005 U.S. Dist. LEXIS 39791, at *20 (M.D.N.C. 2005) adopted by, 411 F. Supp. 2d 614, 2006 U.S. Dist. LEXIS 3634 (M.D.N.C. 2006) (holding that the plaintiff "sufficiently pled unconscionability to state a claim for breach of express warranties" and denying the defendants' motion to dismiss).

Plaintiff specifically alleges that Defendant knew, or should have known, of the alleged defect in the FinePix 3800.  (See First Am. Compl. ¶¶ 2, 6, 8, 24.)  Plaintiff also alleges that Defendant failed to disclose such defect to Plaintiff and  members of the class.  (Id. at ¶¶ 2, 7, 25, 27-28, 37-38.)   "The Fourth Circuit in [Carlson v. Gen. Motors Corp., 883 F.2d 287 (4th Cir. 1989)] has expressly recognized that such allegations are sufficient to withstand a motion to dismiss under Rule 12(b)(6)."  Id.; see also Carlson, 883 F.2d at 296 (stating that "proof that [the defendant] knew of and failed to disclose major, inherent product defects would obviously suggest that its imposition of the challenged 'durational limitations' on implied warranties constituted 'overreaching,' and that the disclaimers themselves were therefore 'unconscionable.' When a manufacturer is aware that its product is inherently defective, but the buyer has 'no notice of or ability to detect' the problem, there is perforce a substantial dispartiy in the parties'

relative bargaining power.  In such a case, the presumption is that the buyer's acceptance of limitations on his contractual remedies -- including of course any warranty disclaimers -- was neither 'knowing' nor 'voluntary,' thereby rendering such limitations unconscionable and ineffective. . . . That is in large measure what the plaintiffs here have claimed; and we therefore cannot say that their amended complaint failed to allege facts which, if proven to the court's satisfaction, could establish that, as a matter of law, [the defendant's] durational limitations on the operation of implied warranties were indeed unconscionable.") (internal citations omitted). The Carlson court's rationale is applicable here.  Based on this reasoning, this Court shall deny Defendant's motion to dismiss Plaintiff's breach of express warranties claim because Plaintiff has met her pleading burden.

   2. *Breach of Implied Warranties of Merchantability and Fitness for a Particular Purpose*

   Plaintiff's breach of the implied warranties of merchantability and fitness for a particular purpose also survive dismissal because Plaintiff has alleged sufficiently that the limitation of the implied warranties is unconscionable.[4]

   As noted above, perhaps the most significant allegation in Plaintiff's breach of warranty claims is that Defendant knew of the inherent defect in its FinePix 3800.  In Carlson, the Fourth Circuit addressed the issue of implied warranties and determined their vitality survived. Specifically, the Court noted,

   The claim is, of course, that [Defendant] imposed its durational limitations on the

----

   [4] Defendant argues that Plaintiff's implied warranty claims should be dismissed because Defendant disclaimed such warranties beyond the express warranty period.  (Def.'s Br. in Supp. of Mot. to Dismiss 9-12.)  However, although Defendant may be correct that its disclaimer was conspicuous and specific as to the recovery period, the underlying question for this Court to resolve is whether such disclaimer is unconscionable.

operation of implied warranties in the course of bargaining tainted by the 'concealment of relevant facts'; that *ipso facto*, plaintiffs had no 'meaningful choice' when they accepted the limitations; and that the disclaimers themselves were therefore unconscionable as a matter of law.

883 F.2d at 294.

Plaintiff alleges concealment and unequal bargaining power in the FAC, albeit not as concretely as she does for her claim pertaining to breach of express warranty.  (See, First Am. Compl. ¶ 28) (stating that "the fraudulent acts of concealment by FUJIFILM included the intentional concealment and refusal to disclose facts known to FUJIFILM of the defects of their product which Plaintiff and Class members could not reasonably have learned, known of, or otherwise discovered."); (see also id. at ¶ 39) (stating that "FUJIFILM breached the implied warranty of fitness for a particular purpose.  Based upon Plaintiff's and the Class' skill and judgment and the implied warranties of fitness for a particular purpose, Plaintiff and Class members unknowingly purchased the defective FinePix 3800 for personal and business use."). Although Plaintiff's allegations concerning the implied warranties are not as specific as those relating to the express warranty, "unconscionability claims should but [sic] rarely be determined on the bare-bones pleadings."  Bussian, 411 F. Supp. 2d at 621 (citing Carlson, 883 F.2d at 292).

Therefore, "Plaintiff should be allowed a 'reasonable opportunity to present evidence as to commercial setting, purpose and effect to aid the court in making the determination' [as to whether the time limitations of the warranties are unconscionable,] . . . which can only occur after an opportunity for discovery."  Id.

**B.  The Magnuson-Moss Act**

Next, Defendant argues that Count II of the FAC, alleging a cause of action pursuant to

10

the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301 - 2312, should be dismissed

"because there are not at least 100 named plaintiffs as explicitly required by the Act to provide

subject matter jurisdiction."  (Def.'s Br. in Supp. of Mot. to Dismiss 2.)  Plaintiff claims that

"Magnuson-Moss Act claims that cannot independently be heard in federal court owing to the

absence of one of the requirements, can still be heard in federal court in circumstances where

supplemental jurisdiction is properly exercised under 28 U.S.C. § 1367."  (Pl.'s Br. in Opp'n to

Def.'s Mot. to Dismiss 14.)

>    Sections 2310(d)(1) and (3) of the Magnuson-Moss Warranty Act provide that
>
>    [s]ubject to subsections (a)(3) and (e), a consumer who is damaged by the failure of
>    a supplier, warrantor, or service contractor to comply with any obligation under this
>    title [15 USCS §§ 2301 et seq.], or under a written warranty, implied warranty, or
>    service contract, may bring suit for damages and other legal and equitable relief--
>    (A) in any court of competent jurisdiction in any State or the District of Columbia;
>    or (B) in an appropriate district court of the United States, subject to paragraph (3)
>    of this subsection. . . .
>
>    . . . . [] No claim shall be cognizable in a suit brought under paragraph (1)(B) of this
>    subsection--(A) if the amount in controversy of any individual claim is less than the
>    sum or value of $ 25; (B) if the amount in controversy is less than the sum or value
>    of $ 50,000 (exclusive of interests and costs) computed on the basis of all claims to
>    be determined in this suit; or (C) <u>if the action is brought as a class action, and the
>    number of named plaintiffs is less than one hundred.</u>

15 U.S.C. §§ 2310(d)(1) and (3) (emphasis added).

"It is clear that jurisdictional requisites of 15 U.S.C. § 2310(d)(3) must be met when a

suit is brought as an original action in federal court."  <u>Brummet v. Skyline Corp.</u>, No. 81-103,

1984 U.S. Dist. LEXIS 17702, at *3 (W.D. Ky. Apr. 11, 1984) (citing <u>Barr v. Gen. Motors Corp.</u>,

80 F.R.D. 136 (S.D. Ohio 1978)).  However, § 1332(d)(2) of the Class Action Fairness Act

("CAFA") also creates an alternative basis for federal jurisdiction over the MMWA claim.

<u>McGhee v. Cont'l Tire N. Am., Inc.</u>, No. 06-6234, 2007 U.S. Dist. LEXIS 62869, at *8 (D.N.J.

Aug. 27, 2007).

> In reconciling CAFA with the MMWA, <u>Chavis[ v. Fidelity Warranty Services., Inc.,</u>
> 415 F. Supp. 2d 620, 626 (D.S.C. 2006)] noted that a firmly embedded principle of
> statutory construction requires courts to presume that Congress enacts legislation
> with knowledge of existing law and, consequently, that the newly-enacted statute is
> harmonious with the existing law.  <u>Chavis</u> reasoned that Congress must have been
> aware of MMWA's limited jurisdictional provisions and intended to expand them
> with CAFA.  <u>Chavis</u> concluded that this interpretation was logical in light of the fact
> that CAFA's legislative history clearly indicates the congressional intent to expand
> federal jurisdiction over class actions.

<u>Id.</u>

"CAFA requires that the class members' aggregate claims exceed $ 5,000,000," <u>id.</u> at *9,

and that minimal diversity exists between the parties, 28 U.S.C. § 1332(d)(2)(A)-(C).  Similarly,

a plaintiff must satisfy the requirements set forth in F<small>ED</small>. R. C<small>IV</small>. P. 23.  <u>Brummett</u>, 1984 U.S.

Dist. LEXIS 17702, at *6 (citing F<small>ED</small>. R. C<small>IV</small>. P. 23 (stating as prerequisites to class actions:

"[o]ne or more members of a class may sue or be sued as representative parties on behalf of all

only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are

questions of law or fact common to the class, (3) the claims or defenses of the representative

parties are typical of the claims or defenses of the class, and (4) the representative parties will

fairly and adequately protect the interests of the class.")).

Plaintiff sufficiently alleges the requirements, pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 23 and CAFA.

(<u>See</u> First Am. Compl. ¶ 12) ("Plaintiff believes this is a class action in which the matter in

controversy exceeds $5,000,000 and the named Plaintiff is a citizen of a state different from the

Defendant.")[5]; (see also id. at ¶ 13) ("The members of the class have common legal grievances against the Defendant because they purchased the FinePix 3800s that did not perform as warranted by the Defendant in that the digital cameras failed and are materially defective."); (id. at ¶ 15) ("The Class is composed of thousands of persons or entities that purchased in total over 42,000 of the FinePix 3800s that are geographically dispersed throughout the United States, the joinder of whom in one action is impracticable.  The disposition of their claims in a class action will provide substantial benefits to both the parties and the Court.  Class members are so numerous that their individual joinder herein is impracticable."); (id. at ¶ 17) ("[T]here are common questions of law and fact that exist as to all Class members and these questions predominate over questions affecting only individual Class members . . . . "); (id. at ¶ 18) ("Plaintiff . . . is asserting claims that are typical of the claims of the entire Class."); (id. at ¶ 19) ("Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent . . . . "); (id. at ¶ 20) ("The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Plaintiff and Class members . . . . ").

Therefore, "although [P]laintiff[] cannot satisfy the Magnuson-Moss jurisdictional requirements because they do not have 100 named plaintiffs, th[is] [C]ourt has jurisdiction based on [P]laintiff['s] allegations of federal jurisdiction under CAFA." Brothers v. Hewlett-Packard Co., No. 06-2254, 2007 U.S. Dist. LEXIS 13155, *28 (N.D. Cal. Feb. 12, 2007).

---

[5] Plaintiff alleges that over 42,000 FinePix 3800 cameras were sold.  (Id. at ¶¶ 1, 15.) Plaintiff also claims that she paid $399 for her camera.  (Id. at ¶ 9.)  This allegation amounts to claimed damages of over $16,000,000.

### C.  New Jersey Consumer Fraud Act

Next, Defendant argues that Plaintiff's claim, pursuant to the New Jersey Consumer Fraud Act, N.J. STAT. ANN. §§ 56:8-1 to -2.13, fails to state a claim upon which relief can be granted for four independent reasons, including that: 1) Plaintiff "does not allege any connection between the sale of her FinePix 3800 digital camera and the [S]tate of New Jersey sufficient to invoke the NJFCA"; 2) Plaintiff's "camera performed beyond the warranty period"; 3) "the economic loss doctrine [prohibits NJCFA claims] . . . based upon an alleged fraud in the nonfulfillment of a warranty"; and 4) "Plaintiff fails to plead her allegations of fraud . . . with particularity as required under Rule 9(b) [of the Federal Rules of Civil Procedure]."  (Def.'s Br. in Supp. of Mot. to Dismiss 2.)

Plaintiff counters and argues that: 1) the instant case has sufficient connections to New Jersey to invoke the NJCFA; 2) the alleged defect manifests in the camera immediately; 3) the economic loss doctrine does not bar claims in tort for fraud and negligent misrepresentation; and 4) the NJCFA claim is pled with sufficient particularity.  (Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss 15-28.)

The NJCFA protects consumers against "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale . . . of any merchandise . . . ."  N.J. STAT. ANN. § 56:8-2.  The Act is worded in the disjunctive, and requires only that Plaintiff allege that Defendant committed one of the prohibited practices to allege a cause of action.  See Cox v. Sears Roebuck & Co., 647 A.2d 454, 462 (N.J. 1994).

### 1. Connection to New Jersey

Defendant's first argument in favor of dismissal of Plaintiff's NJCFA claim is that

Plaintiff "does not allege any connection between the sale of her FinePix 3800 digital camera and

the [S]tate of New Jersey . . . " (Def.'s Br. in Supp. of Mot. to Dismiss 2.)  Defendant states that

"a plaintiff must demonstrate sufficient connections to New Jersey in order to maintain a claim

under the NJCFA."  (Id. at 14) (citing Lewis Tree Serv., Inc. v. Lucent Tech. Inc., 211 F.R.D

228, 233 (S.D.N.Y. 2002) (stating that "plaintiff has failed to allege that all class members or

their transactions with the defendants, or any subset thereof, have sufficient connections to New

Jersey so as to maintain a claim under the NJCFA").)  The NJCFA is intended to be liberally

applied, and "permits recovery . . . by persons, whether or not New Jersey residents, who suffer

'any ascertainable loss.'"  Int'l Union of Operating Eng'rs Local # 68 Welfare Fund v. Merck &

Co., Inc., 894 A.2d 1136, 1143 (N.J. Super. Ct. App. Div. 2006), rev'd on other grounds, 929

A.2d 1076 (N.J. 2007).

Unlike the facts of Lewis Tree, Plaintiff has alleged connection to the State of New Jersey

sufficiently.  Most notably, the Complaint alleges that Defendant's "principal place of business

[is located] at 1100 King George Post Road, Edison, Middlesex County, New Jersey, 08837,

pursuant to FUJIFILM's own filings with the State of New Jersey."  (First Am. Compl. ¶ 10.)

Plaintiff also claims that Defendant's "principal nationwide repair center . . . and its warranty

program is administered . . . in Edison, New Jersey."  (Id.)  Finally, Plaintiff states that

"consumers are told to send in their warranty registration cards to . . . Edison, New Jersey."

Defendant argues that Plaintiff's allegations "are demonstrably false."  (Def.'s Br. in

Supp. of Mot. to Dismiss 15.)  However, "a court is required to accept as true all allegations in

the complaint and all reasonable inferences that can be drawn therefrom."  Oshiver v. Levin,

Fishbein, Sedran & Berman, 38 F.3d at 1384.  Therefore, Plaintiff has alleged sufficient

connections to New Jersey in order to state a cause of action, pursuant to the NJCFA.

### 2. Warranty Period

Next, Defendant argues that Plaintiff cannot maintain a NJCFA claim because Plaintiff's

"camera performed beyond the warranty period."  (Def.'s Br. in Supp. of Mot. to Dismiss 2.)

However, Defendant confuses the import of Plaintiff's allegations.  As this Court has explained

supra in Section III, A of this Opinion, many of Plaintiff's arguments pertain to the time

limitations expressed in the warranties.  Plaintiff claims that such limitations are unconscionable.

(See First Am. Compl. ¶ 38); (see also Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss 28.)

Plaintiff's same allegations pertaining to contractual unconscionability underlie her NJCFA

claim.  As noted above, these allegations provide an exception to the defense that the camera

performed beyond the warranty period.  Therefore, this Court holds that such allegations are

sufficient to survive Defendant's motion to dismiss.

### 3. Economic Loss Doctrine

Third, Defendant argues that Plaintiff's NJCFA claim fails because the claim "arises only

out of an alleged nonfulfillment of Defendant's warranty."  However, as Plaintiff notes, and this

Court explains supra in Section III, A of this Opinion, "[t]he Defendant misinterprets Plaintiff's

NJCFA claims . . . . " (Id. at ¶ 19.)

When alleging a claim under the NJCFA, a plaintiff must allege "substantial aggravating

circumstances."  See Suber v. Chrysler Corp., 104 F.3d 578, 582 (3d Cir. 1997); see also Cox,

647 A.2d at 462.  In Suber, the Third Circuit held that the plaintiff alleged sufficient aggravating

circumstances to withstand a motion to dismiss.  Id. at 581.  In that case, the plaintiff brought suit

for alleged suspension defects in his Dodge Ram 250 Conversion van.  Id.  The plaintiff alleged

that the defendant's representative and a dealership employee both acknowledged defects in the

van's suspension, but later wrote a contradictory official report.  Id. at 581 & 587.  The plaintiff

further alleged that the defendant had knowledge of such defects.  Id. at 587.  The court held that

such "allegations [], if proven, could constitute substantial aggravating circumstances, such that

we cannot find that recovery is precluded to a legal certainty."  Id.

The same is true here.  Plaintiff alleges that Defendant knew about, and actively

concealed, the alleged defect in the FinePix 3800.  (First Am. Compl. ¶¶ 2, 28, 53, 55-56.)

Plaintiff also alleges that Defendant "misrepresented material facts relating to the character and

quality of the FinePix 3800."  (Id. at ¶ 54) (see also id. at ¶¶ 17(a), (d)-(e), 34, 54.)  Finally,

Plaintiff alleges that Defendant "committed [such] acts and omissions [with] actual malice and . .

. wanton and willful disregard of persons, including Plaintiff and Class members, who

foreseeably might be harmed by those acts and omissions."  (Id. at ¶ 30.)  These allegations could

constitute substantial aggravating circumstances, if proven.  The pleading requirement, pursuant

to the economic loss doctrine, is met.

### 4. Sufficient Particularity

Finally, Defendant argues that Plaintiff does not plead the NJCFA claim with sufficient

particularity, as required by FED. R. CIV. P. 9(b).  However, a liberal reading of Plaintiff's

Complaint suggests that Plaintiff's NJCFA claim pertains to contractual unconscionability, rather

than fraud.[6]  Plaintiff is not required to meet the higher pleading standard for claims alleging

fraud.  FED. R. CIV. P. 9(b) (stating that "[i]n all averments of <u>fraud </u>or <u>mistake</u>, the circumstances

constituting <u>fraud </u>or <u>mistake </u>shall be stated with particularity.") (emphasis added).

Therefore, Plaintiff has pleaded her NJCFA claim sufficiently to put Defendant on notice

of the claims against it.  <u>Twombly</u>, 127 S. Ct. at 1964.

---

[6] To the extent that Plaintiff attempts to plead fraud, pursuant to the NJCFA, she fails to meet her burden.  Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  FED. R. CIV. P. 9(b).  "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation."  <u>Frederico v. Home Depot</u>, 507 F.3d 188, 2007 U.S. App. LEXIS 26144, at *28 (3d Cir. Nov. 9, 2007); <u>see also</u> <u>In re Ins. Brokerage Antitrust Litig.</u>, No. 04-5184, 2007 U.S. Dist. LEXIS 73220, at *49 (D.N.J. Sept. 28, 2007).
    Plaintiff alleges that she purchased her camera on January 5, 2003 from a Circuit City store, and that the camera contained a defective internal memory.  (First Am. Compl. ¶ 9)  Plaintiff also claims that
> the charging circuit for the internal battery causes it to overcharge and corrode . . . [and that] the internal circuitry causes the electric current being drawn from the internal battery . . . to discharge the internal battery too deeply because there is not a proper circuit and governor on the circuit limiting this discharge . . . .

(<u>Id.</u> at ¶ 4.)  Further Plaintiff claims that she "noticed Defendants of the failure, demanding that Defendant cure[, and that] Defendant refused to fix the camera without payment by the Plaintiff."  (<u>Id.</u> at ¶ 9.)  However, Plaintiff does not allege who she spoke with, or when and where this conversation took place.
    In addition, Plaintiff alleges that Defendant knew or should have known of the defect because several complaints were listed on various websites.  (<u>Id.</u> at ¶¶ 29, 31.)  However, Plaintiff does not allege that Defendant, or anyone employed with Defendant viewed such websites.
    While Plaintiff alleges that Defendant fraudulently concealed the defects in the FinePix 3800 cameras (<u>id.</u> at ¶ 28), she provides no additional information regarding such allegations.  Instead, Plaintiff uses conclusory language to advance her assertions.  (<u>See id.</u> at ¶ 24) (stating that "Plaintiff alleges specifically and with particularity . . . ").  However, this Court "need not credit a complaint's . . . 'legal conclusions' when deciding a motion to dismiss."  <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).
    Therefore, if Plaintiff had intended to plead a fraud claim, such claim has not been pled with the requisite particularity.  Plaintiff may seek leave from this Court to file an amended complaint, specifically pleading a fraud claim, if she so chooses.

**D.  Breach of Contract**

Defendant argues that "Plaintiff has no claim for breach of contract . . . because the FAC fails to plead the privity necessary to bring a breach of contract claim."  (Def.'s Br. in Supp. of Mot. to Dismiss 3.)  Plaintiff claims that "she entered into contract and warranty agreements with Defendant[], that she has satisfied her obligations under these contracts, warranties and agreements[,] and Defendant has failed to so perform and breached said agreements."  (Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss 30.)

"To establish a breach of contract claim, a plaintiff has the burden to show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result."  Murphy v. Implicito, 920 A.2d 678, 689 (N.J. Super. Ct. App. Div. 2007).

Plaintiff has met her burden in pleading a breach of contract claim.  First, Plaintiff alleges a contractual relationship with FujiFilm through the written warranty and specifications included with her purchase of the FinePix 3800.[7]  (See First Am. Compl. ¶¶ 23, 38); (see also id. Ex. A.)

---

[7] Even if Plaintiff had not alleged such a contractual relationship with Defendant, Plaintiff's breach of contract claim would still survive dismissal.  "The lack of a contractual relationship or privity does not automatically defeat a claim. As Judge Pressler noted in Ranier v. Frieman, 682 A.2d 1220, 1222-23 (N.J. Super. Ct. App. Div.1996), the Supreme Court has effectively eliminated privity as a prerequisite for the imposition of liability. The existence of a duty is defined not by the contractual relationship between the parties but, rather, by consideration of foreseeability and fairness."  Zielinski v. Prof'l Appraisal Assocs., 740 A.2d 1131, 1134 (N.J. Super. Ct. App. Div. 1999).  Plaintiff has clearly alleged that "FUJIFILM committed acts and omissions which were actuated by actual malice and accompanied by a wanton and willful disregard of persons, including Plaintiff and Class members, who foreseeably might be harmed by those acts and omissions."  (First Am. Compl. ¶ 30.)  Plaintiff's allegations adequately allege reliance upon Defendant's written warranty and specifications, such that it is foreseeable that a purchaser would be harmed by Defendant's alleged concealment of a known defect.

Second, Plaintiff claims that Defendant failed to perform its obligations, pursuant to the warranty and specifications, in a number of ways.  Plaintiff avers that: 1) the camera did not function as provided by the listed specifications, 2) Defendant concealed a known defect, and 3) Defendant failed to honor the warranty.  (Id. at ¶¶ 23, 28, 38 and 58.)  Third, Plaintiff alleges that she "and Class members satisfied their obligations under these contracts and agreements."  (Id. at ¶ 59.)  Finally, Plaintiff alleges "the loss of the benefit of the bargain," or in other words, the $399 paid for the camera, as well as additional damages to be determined at trial.  (Id. at ¶¶ 9, 23, 28, 61 and Prayer for Relief.)

Plaintiff has alleged each of the requirements necessary to state a cause of action for breach of contract.  This count shall survive dismissal.

**E.  Breach of Implied Covenant of Good Faith and Fair Dealing**

Finally, Defendant argues that Plaintiff's breach of the implied covenant of good faith and fair dealing claim fails "because the facts alleged in the FAC do not fit into any of the three categories for recognition of such a claim under New Jersey law."  (Def.'s Br. in Supp. of Mot. to Dismiss 3.)  Plaintiff argues that she has pled sufficiently a claim for breach of the implied covenant by alleging that Defendant "acted in bad faith by selling digital cameras it knew were defective."  (Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss 29) (emphasis in original).

"[E]very contract imposes on each party the duty of good faith and fair dealing in its performance and its enforcement."  Pickett v. Lloyd's & Peerless Ins. Agency, Inc., 621 A.2d 445, 450 (N.J. 1993).  The implied covenant therefore ensures that "neither party to a contract shall injure the right of the other to receive the fruits of the agreement."  Onderdonk v. The Presbyterian Homes of N.J., 425 A.2d 1057, 1062 (N.J. 1981).

> New Jersey case law has recognized the potential for such an independent cause of action based upon the covenant of good faith and fair dealing in three situations: (1) to allow the inclusion of additional terms and conditions not expressly set forth in the contract, but consistent with the parties' contractual expectations; (2) to allow redress for a contracting party's bad-faith performance of an agreement, when it is a pretext for the exercise of a contractual right to terminate, even where the defendant has not breached any express term; and (3) to rectify a party's unfair exercise of discretion regarding its contract performance.

Barrows v. Chase Manhattan Mortgage Corp., 465 F. Supp. 2d 347, 365 (D.N.J. 2006).

Plaintiff has alleged breach of the implied covenant of good faith and fair dealing, pursuant to category two, listed above. Throughout the Complaint, Plaintiff alleges that Defendant acted in bad faith. Plaintiff claims that Defendant had knowledge of a defect in the FinePix 3800, and yet continued to sell this camera. (First Am. Compl. ¶¶ 2, 7-8, 24-25, 29). Plaintiff also alleges that Defendant fraudulently concealed such defect (id. at ¶ 28, 30), and "misrepresented the character and quality of the FinePix 3800" (id. at ¶ 3). Finally, Plaintiff specifically states that

> FUJIFILM breached those implied covenants by selling Plaintiff and Class members digital cameras that were inherently defective in bad faith with knowledge that the contract and/or warranties were unconscionable and by abusing its discretion in its performance of the contract by intentionally subjecting Plaintiff and Class Members to a risk [the defect] beyond one they would have contemplated at the time of purchasing the camera. . . .
>
> . . . . FUJIFILM also breached those implied covenants by not providing terms in the contract and/or warranty that conspicuously stated to the Plaintiff and Class Members that the internal battery would fail and the camera would not be able to provide the approximately 320 or more frames with the new external batteries that it states in the camera's specifications.

(Id. at ¶¶ 66-67) (emphasis added).

Plaintiff has alleged sufficiently a breach of the implied covenant of good faith and fair dealing.

## IV.  CONCLUSION

For the reasons stated above, the motion of Defendant Fujifilm U.S.A., Inc. to dismiss, pursuant to FED. R. CIV. P. 12(b)(6), is denied.


 S/Joseph A. Greenaway, Jr.             
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: December 28, 2007